AUSA Edward C. Robinson Jr.

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERIC PEREZ,<br>a/k/a "Indio,"<br><br>Defendant. | **24 MAG 2312**<br><br>**COMPLAINT**<br><br>Violations of 18 U.S.C. §§ 922(a)(l)(A), 922(g)(1), and 2.<br><br>COUNTY OF OFFENSE:<br>MANHATTAN |

SOUTHERN DISTRICT OF NEW YORK, ss.:

   WILLIAM CLARK, being duly sworn, deposes and says that he is a Special Agent with Homeland Security Investigations ("HSI"), and charges as follows:

### COUNT ONE
### (Unlicensed Dealing of Firearms)

   1.   Between at least in or about April 2024 up to and including the present, in the Southern District of New York and elsewhere, ERIC PEREZ, a/k/a "Indio," the defendant, not being a licensed importer, licensed manufacturer, or licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, willfully and knowingly engaged in the business of importing, manufacturing, and dealing in firearms, and in the course of such business shipped, transported, and received a firearm in interstate and foreign commerce, to wit, PEREZ purchased and otherwise obtained firearms in, among other places, Pennsylvania for resale in, among other places, in New York City.

(Title 18, United States Code, Sections 922(a)(1)(A) and 2.)

### COUNT TWO
### (Possession of a Firearm After a Felony Conviction)

   2.   On or about June 17, 2024, in the Southern District of New York and elsewhere, ERIC PEREZ, a/k/a Indio, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, a Glock .40 caliber pistol, and the firearm was in and affecting commerce.

(Title 18, United States Code, Sections 922(g)(1) and 2.)

   The bases for my knowledge and the foregoing charge, are, in part, as follows:

   3.   I am a Special Agent with Homeland Security Investigations, Department of Homeland Security. I have been personally involved in the investigation of this matter. This Affidavit is based upon my personal participation in the investigation, my examination of reports

AUSA Edward C. Robinson Jr.

and records, and my conversations with other law enforcement agents and other individuals. Because this Affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4. Based my conversations with a confidential source (the "CS"),[1] my review of recorded conversations, my conversations with other law enforcement agents, my review of law enforcement reports, my participation in surveillance, and my participation in this investigation, I have learned the following, among other things, regarding the CS's controlled purchase of a firearm from ERIC PEREZ, a/k/a "Indio," the defendant, on or about June 17, 2024, which was audio and visually recorded and accompanied by physical surveillance by law enforcement:

   a. On or about June 17, 2024, at approximately 6:26 p.m., law enforcement agents met with the CS at a predetermined location. The CS and his vehicle (the "CS Vehicle") were searched for United States currency and contraband, none of which was found. The law enforcement agents provided the CS with $3,500 in pre-recorded buy money.

   b. At approximately 6:34 p.m., the CS left the location and parked his vehicle on the parking level P3 of a parking garage for a casino located in Queens near John F. Kennedy International Airport (the "Parking Garage"). At approximately 6:55 p.m., an individual that law enforcement later identified as PEREZ, the defendant, arrived in a black Mercedes. PEREZ exited his vehicle and entered the passenger side of the CS Vehicle. PEREZ provided a Glock .40 caliber pistol (the "Firearm") and a brace for the Firearm to the CS in exchange for $3,500 in United States currency. PEREZ then exited the CS Vehicle, re-entered the black Mercedes, and attempted to exit the Parking Garage.

   c. To prevent PEREZ from leaving, an unmarked law enforcement vehicle attempted to block the exit for the Parking Garage. PEREZ swerved to the right, struck a wall, and accelerated into the front of a second unmarked law enforcement vehicle, causing the law enforcement agents in that second unmarked vehicle to require medical attention. PEREZ was then placed under arrest.

   d. After the CS left the Parking Garage, the CS met with law enforcement agents, and law enforcement agents recovered the Firearm, the brace, a magazine containing Hornady ammunition, and a box containing Federal ammunition, which are pictured below:

---

[1] The CS is a paid informant who has been providing information to the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE") since in or about 2010. The CS has one prior state felony conviction for firearm possession. Information provided by CS-1 has proven reliable and has been corroborated by, among other things, seizures of firearms and arrests.

AUSA Edward C. Robinson Jr.



5.  After his arrest, ERIC PEREZ, a/k/a "Indio," the defendant, was advised of his *Miranda* rights verbally and in writing. PEREZ waived his rights and elected to speak with law enforcement. Based on my participation in that interview and my conversations with other law enforcement officers, I have learned the following:

   a.  PEREZ stated, in sum and substance, that he possessed the Firearm, sold it to the CS, and purchased the Firearm at an event in Pennsylvania. PEREZ then transported the Firearm from Pennsylvania to New York City.

   b.  PEREZ further stated, in sum and substance, that he has previously obtained and sold other firearms, and that he keeps his firearms in his car and his apartment located on Staten Island.

6.  Based on my participation in this investigation, my review of law enforcement records, and my review of historical cellphone location information obtained pursuant to a judicially authorized warrant for a cellphone believed to be used by ERIC PEREZ, a/k/a "Indio," the defendant, (the "PEREZ Phone"), I have learned that:

   a.  Subscriber records for the PEREZ Phone list an apartment located near New Lane in Staten Island as PEREZ's residential address (the "PEREZ Residence").

   b.  The PEREZ Phone is frequently located in or around the vicinity of a cell tower within 0.15 miles of the PEREZ Residence, particularly during the nighttime. Based on the frequency at which the PEREZ Phone is located in the vicinity of the PEREZ Residence, I believe that PEREZ resides at the PEREZ Residence.

   c.  On or about June 17, 2024, at approximately 5:11 p.m., PEREZ was in the vicinity of the PEREZ Residence. At approximately 6:11 p.m., PEREZ was in the vicinity of the Verrazzano-Narrows Bridge in Staten Island. At approximately 6:21 p.m., PEREZ was in the vicinity of the Verrazzano-Narrows Bridge in Brooklyn. Based on the foregoing, I believe that PEREZ transported the Firearm from the PEREZ Residence to the Parking Garage by crossing the Verrazzano-Narrows Bridge to conduct the sale.

AUSA Edward C. Robinson Jr.

7. Based on my training and experience, and my communications with other law enforcement agents, including a Special Agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives, who is familiar with the manufacturing of firearms, I am aware that the Firearm and the ammunition that ERIC PEREZ, a/k/a "Indio," the defendant, sold to the CS were not manufactured in New York State.

8. Based on my review of criminal history records for ERIC PEREZ, a/k/a "Indio," the defendant, I have learned the following:

   a. On or about January 6, 2009, PEREZ was sentenced to not more than two years' or less than one year imprisonment following his conviction in Massachusetts for witness intimidation in violation of Mass. General Laws, Chapter 268, Section 13B.

   b. On or about February 28, 2011, PEREZ was sentenced to 18 months' imprisonment following his conviction in Massachusetts for possession of ammunition without a firearm identification card in violation of Mass. General Laws, Chapter 269, Section 10(h).

WHEREFORE, I respectfully request that ERIC PEREZ, a/k/a "Indio," the defendant, be arrested and imprisoned or bailed, as the case may be.

*[signature]*
WILLIAM CLARK
Special Agent
HSI

Sworn to me
this /8/ day of June, 2024.

*[signature]*
THE HONORABLE JAMES L. COTT
United States Magistrate Judge
Southern District of New York